CHARLES WHEELOCK *v.* ETHAN H. RICE, PAUL B. RING AND ABEL S. FITCH.

*Non damnificatus* is not a proper plea to a declaration upon a covenant, executed on the dissolution of a copartnership between the plaintiff and one of the defendants, whereby the defendants covenanted to indemnify and save harmless the plaintiff from all liabilities created by the copartnership, from its commencement to its determination, *by assuming and paying the same in full when due;* the declaration averring that certain of those liabilities had become due, &c., and alledging a breach in the language of the covenant, and fully coextensive with it.

*Held,* that after issue joined upon the joint plea to the merits of R and F, co-defendants, R might plead severally, *puis darrein continuance,* his discharge in bankruptcy subsequently obtained.

*Held,* also, that the plea *puis darrein continuance* was an abandonment by R, of the former joint plea of R and F, which would afterwards stand as the several plea of F, to the same effect as if he had pleaded it sole.

This was an action of covenant. The declaration contained two counts.

The first count sets forth a copartnership between the plaintiff and the defendant, Rice, under the name and style of Rice and Wheelock; a dissolution of the partnership by mutual consent, Nov. 7, 1839; and a covenant thereupon executed by the three defendants, "to indemnify and save harmless the said plaintiff, his executors, administrators and assigns, from all liabilities created by said firm of Rice and Wheelock, from the commencement to the determination of said partnership, by assuming and paying the same in full when due;" that certain liabilities of said firm, specially mentioned in the count, had become due, and the defendants had had notice thereof; and then alledges a breach of the covenant, in its language, and fully coextensive with it.

The second count is substantially the same as the first, except the addition, in the statement of the covenant, that

the defendants "thereby covenanted and agreed to pay all the liabilities and debts of the said firm of Rice and Wheelock, which had been contracted between the commencement and termination thereof, when, and as they should severally become due." It then alledged a breach of the covenant thus stated, and coextensive with it.

Two of the defendants, Fletcher and Ring, appeared and craved oyer of the instrument declared upon, which was granted. In the instrument as set out, after the recital of the copartnership, the contracting of liabilities by the firm for its objects, and the dissolution of the firm, the defendants " agree to save harmless and indemnify the said Wheelock, his executors, &c. from all liabilities created by said firm" (of Rice and Wheelock,) " from the commencement to the determination of said partnership, *by assuming and paying the same in full when due.*" The two defendants then plead, (1.) That the instrument was not their deed. (2.) That the plaintiff had not, since, &c. " been, in any manner whatsoever, damnified for or by reason of any matter or cause in said covenant mentioned."

To the second plea there was a demurrer and joinder.

After these issues were joined, the defendant, Ring, moved for leave to file a plea *puis darrein continuance* of his discharge in bankruptcy, obtained since the last continuance. The plea offered was duly verified by affidavit.

The action was brought in the Jackson Circuit Court, and the Hon. A. Felch, Presiding Judge, reserved the questions arising upon the demurrer to the second plea, and upon the motion of the defendant, Ring, for leave to file a plea *puis darrein continuance* for the opinion of this Court thereon.

*Farrand & Higby,* for the plaintiff.

*Johnson & Hawley,* for the defendants.

GOODWIN, J. delivered the opinion of the Court.

The first question presented is whether *non damnificatus* is a good plea to the declaration.    The solution of this question depends upon the true construction and legal effect of the covenant.    Is it a covenant to indemnify merely ?

The rule on this subject is this.    Where the covenant, or, (in the case of a bond with a condition,) the condition is merely to indemnify, this plea is sufficient; but where it stipulates to perform any particular act, the performance must be specially pleaded.    In 1 Saund. R. 117, n 1, it is laid down that " this plea cannot be pleaded where the condition is to *discharge or acquit* the plaintiff from such a bond, or other particular thing, for then the defendant must set forth affirmatively the special manner of performance ;" and numerous authorities are cited in support of this position.    " But" it is added, " it is otherwise where the condition is to discharge and acquit the plaintiff *from any damage* by reason of such bond or other particular thing, for that is in truth the same thing with a condition to indemnify and save harmless."    The distinction taken, is between a bond or covenant to discharge or acquit from the obligation itself, and one to discharge or acquit from any damage by reason of the obligation.    *Holmes* v. *Rhodes*, 1 Bos. & Pull. R. 638, is strongly analogous to the present case.    The action was upon a bond, conditioned that the obligors should pay the amount of a bond for which the plaintiff had become a surety, and *thereby* acquit, release and discharge the plaintiff, of and from the obligation, and all sums of money to grow due thereon, and damages, &c.    The object was indemnity.    But the condition was to acquit and discharge by payment.    The plea of *non damnificatus* was interposed, but, after replication and demurrer, the Court, going back to the first error, held the plea bad.    To the same effect is the case of

*Woods* v. *Rowan*, 5 John. R. 42, and the various cases found in the New York Reports, on bonds to sheriffs for goal liberties. These bonds are designed for the indemnity of the sheriff, but provide against an escape. The same principle is found in *Andrus* v. *Waring*, 2 John. R. 153, in the case of *Negus*, 7 Wend. R. 499, and in the case of *McClure* v. *Erwin*, 3 Cow. R. 213. In the last case the Court say : " This is a good plea in all cases where the condition is to indemnify and save harmless ; because it answers the condition in terms. But it is good in that case only. The plea should go to the right of action,—not to the question of damages." Numerous authorities are cited sustaining the decision, and among them, those from 1 Saund. R. above quoted.

To apply the rule to this case. What is, in fact, the covenant, according to its right construction ? If it had stopped with the words " determination of said partnership," it would have been a covenant of indemnity merely. But the words " by assuming and paying the same when due," constitute an important addition. They provide a special manner and time of indemnity ;—in effect, by acquitting and discharging the plaintiff from the copartnership liabilities as they should become due, and that " in full." These words are not mere surplusage, as the plea would, in fact, make them. The plaintiff was not content with a general covenant to indemnify. He required that these " liabilities," (for that is the word used,) should not hang over him ; and so provided against this inconvenience by this portion of the covenant. It is obviously, therefore, a very material part of the covenant. In the second count of the declaration it is so treated and counted upon ; and if the plea is good, this count is bad as going beyond the legal effect of the covenant. Suppose the covenant was that the covenantors would assume and pay the liabilities specified in full when due, and so, or thus, save

harmless and indemnify the covenantee.    Would the plea
then meet it?    Clearly not.    And is not this the same in
effect as such a covenant?    It is difficult to perceive any
difference.    The covenant is for indemnity by assumption
and payment of the debts when due, and the breaches
assigned in each count are coextensive with the covenant,
embracing the assumption and payment.    The plea goes
only to the damages, and not to the assumption and pay-
ment; and, consequently, the breaches alledged stand ad-
mitted, and give the right to a recovery.    The demurrer
must therefore be sustained.

No question as to the rule of damages is now presented.

The second question presented is, whether the motion
of the defendant, Ring, for leave to plead his discharge in
bankruptcy *puis darrein continuance,* ought to be granted.

It is objected by the plaintiff, that Ring having joined
with Fitch in the other pleas going to the merits of the ac-
tion, it is not now competent for him to plead a several
plea, going to his personal discharge ;—that he cannot
now sever at all, but must stand or fall by the issues al-
ready made in the cause.    I have examined the cases ci-
ted by the plaintiff's counsel, but I do not perceive that
they reach the question.    They establish the proposition,
pretty fully, that where one defendant joins with others
in pleading to the merits, he cannot also sever and plead
a matter in personal discharge.    But these are all cases
of pleading originally, and none of them cases where a
plea was tendered *puis darrein continuance.*

To determine this question, it is necessary to consider
the rules regulating these pleas, and their effect.    They
are, as their name imports, of matters which have arisen
subsequent to the former pleadings, and the last continu-
ance of the cause, and which go to abate or bar the suit.
As they tend to delay, great strictness is required in re-
gard to them.    They must be verified by oath; must be

framed with great certainty; and but one of them can be pleaded. And, what is more material as to this question, by pleading one of these pleas, a defendant abandons all other pleas pleaded by him in the cause, and places the issue of the suit, as to him, entirely upon the single plea. A plea in abatement of this character may be pleaded, for a former plea was a waiver only of matters in abatement then existing. But upon such a plea too, the judgment, if against the party pleading it, is final, whether on a demurrer, or on trial, and not of *respondeas ouster.* 2 Tidd's Pr. 847, 850, '1; 1 Chitt. Pl. 635, '6. The effect, then, of this plea, if received, is an abandonment by this defendant of the pleas formerly pleaded by him, and as respects him they are off the record; though they may stand as the several pleas of the other defendant, to the same effect as if he had pleaded them sole. The defendant pleading this plea, if it be received, will not therefore stand in the position of defending with the other defendant jointly on the merits, and severally in respect to his personal discharge, as would be the result in the cases referred to. And if a defendant, who has pleaded in chief, may abandon his plea so pleaded, and plead in abatement a matter subsequently arising, I see no reason why he may not so abandon a joint plea, and interpose a several plea of a discharge obtained subsequently. The other defendant is not prejudiced; the plaintiff may follow up the issue as against him; and if the defendant pleading the discharge succeed, a *nolle prosequi* may be entered in respect to him, or he may be discharged by the judgment of the Court, and the cause conducted to final judgment against the other defendants. 1 Chitt. Pl. 32, 33, 41. I am therefore of the opinion that the motion should be granted.

*Certified accordingly.*